IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3287-FL

| | | |
|---|---|---|
| JOHN FRANK MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MS. WILLIAMSON, MS. LYNCH, MR. MEADOWS, and MR. MOBLY, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to amend (DE 11, 20), motion for a temporary restraining order (DE 13), and second motion to appoint counsel (DE 16). In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's second motion to appoint counsel in which plaintiff requests that the court appoint North Carolina Prisoner Legal Services to assist him with litigating his action. This is plaintiff's second motion to appoint counsel. As stated in the court's first order denying plaintiff's request for counsel, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S.

296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claim is not complex. Further, plaintiff has failed to demonstrate that his case is one in which exceptional circumstances merit appointment of counsel. Rather, plaintiff's pleadings demonstrate that he is capable of proceeding *pro se*. Thus, plaintiff's second motion to appoint counsel is DENIED.

The court now turns to plaintiff's two motions to amend his complaint. Plaintiff, through his amended pleadings, seeks to provide the court with an address for the defendant he identified as Ms. Lynch and to name Mr. Femperson[1] as a defendant in this action. For good cause shown, plaintiff's motions are GRANTED and Mr. Femperson is added as a defendant in this action. See Fed. R. Civ. P. 15(a).

The court now conducts a frivolity review of plaintiff's complaint and amended pleadings. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The court ALLOWS plaintiff to proceed with his action against defendants Ms. Williamson, Ms. Lynch, Mr. Meadows, Mr. Mobley, and Mr. Femperson.[2]

---

[1] Plaintiff identifies a party in his December 11, 2014, amended complaint as Mr. Fesperman and as Mr. Femperson in his March 9, 2015, amended complaint. The court assumes that the correct name for the party is Mr. Femperson.

[2] Plaintiff does not technically name the Janitorial Product Plant as a defendant in this case. To the extent his complaint could be construed as alleging a claim against the Janitorial Product Plant, such claim is DISMISSED. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (stating that Claims filed pursuant to § 1983 must be directed at persons).

2

Finally, the court turns to plaintiff's motion for injunctive relief requesting a court order directing prison officials to provide him with the ability to make copies of his documents so that he may provide the copies to defendants. The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[3] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED. To further facilitate the adjudication of this action, the court relieves plaintiff of the obligation to provide more than one copy of his complaint

---

[3] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

3

or to serve defendants with copies of his filings as they have access to any documents plaintiff files through CM/ECF.

Based upon the foregoing, the court rules as follows:

(1) Plaintiff's motions to amend (DE 11, 20) are GRANTED and Mr. Femperson is added as a defendant in this action;

(2) Plaintiff's second motion to appoint counsel (DE 16) is DENIED;

(3) Plaintiff is ALLOWED to proceed with this action against defendants Ms. Williamson, Ms. Lynch, Mr. Meadows, Mr. Mobley, and Mr. Femperson. The clerk of court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights cases. In the event it become necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d);

(4) Plaintiff's motion for a temporary restraining order (DE 13) is DENIED as MOOT.

SO ORDERED, this the 11th day of May, 2015.

LOUISE W. FLANAGAN
United States District Judge