IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3287-FL

| | |
|---|---|
| JOHN FRANK MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MS. WILLIAMSON, MS. LYNCH, MR. ) | |
| MEADOWS, MR. MOBLEY, and MR. ) | |
| FEMPERSON, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion to dismiss (DE 28) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants in part and denies in part defendants' motion.

## STATEMENT OF THE CASE

On November 20, 2014, plaintiff, a state inmate incarcerated at Warren Correctional Institution ("Warren"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff alleged that defendants Ms. Williamson ("Williamson"), Ms. Lynch ("Lynch"), Mr. Meadows ("Meadows"), and Mr. Mobley ("Mobley") discriminated against him on the basis of his mental health status in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff also alleged his rights pursuant to the Due Process Clause were violated in connection with his grievance proceeding and his attempts to obtain employment with the Janitorial Production Plant ("JPP"). Plaintiff then filed a motion to appoint counsel, which the court denied.

On December 11, 2014, plaintiff filed a motion to amend his complaint to provide an address for defendant Lynch and to add as a defendant an individual he identified as Mr. Fesperman. Plaintiff then filed a motion to have North Carolina Prisoner Legal Services provide him assistance with litigating this action, which the court construed as a second motion to appoint counsel. Plaintiff also filed a motion for a temporary restraining order and a second motion to amend his complaint. In his second motion to amend, plaintiff clarified that the defendant he previously identified as Mr. Fesperman was actually Mr. Femperson.

On May 11, 2015, the court granted plaintiff's motions to amend and directed the clerk of court to add Mr. Femperson as a defendant in this action. The court also allowed plaintiff to proceed with this action, but denied his motions to appoint counsel and for injunctive relief. On June 16, 2015, plaintiff filed a motion requesting a transfer to another facility, which the court denied.

On September 11, 2015, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed.

**STATEMENT OF FACTS**

Plaintiff's complaint in its entirety states as follows:

> I am suing JPP (a corrections enterprise) for discrimination. I wrote to Mr. Mobley on 7/3/14 telling him that my programer told me that I couldn't work at JPP because I was a sex offender. Mr. Mobley forwarded the request to Ms. Williamson, who responded by saying that my charge had nothing to do with why I couldn't work there, it was because I was a level 3 mental health. I filed a grievance, but do not agree with it. You will see with the evidence I have that there are two lies in the grievance.

(Compl. p. 5.) As relief, plaintiff requests the following: "To have Ms. Williamson fired, and all her superiors. Also one million in damages." (Id.)

2

**DISCUSSION**

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

3

Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

B.  Analysis

Defendants raise the affirmative defense of qualified immunity in this § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). The court first determines whether plaintiff adequately alleged constitutional violations.

The court begins with plaintiff's claim pursuant to the Equal Protection Clause. The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To that end, the Equal Protection Clause provides that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Generally, in order to establish an equal protection claim, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is

4

similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. If a plaintiff makes this showing, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002) (internal quotation omitted); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

The court first determines whether plaintiff has alleged a *prima facie* equal protection claim. Plaintiff's complaint is not a model of clarity, and the court is required to liberally construe plaintiff's allegations. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (stating that the court must liberally construe the filings of *pro se* litigants). Plaintiff asserts that his equal protection rights were violated when defendant Williamson informed him that he could not work at the JPP because plaintiff maintained a level three mental health status. Construing plaintiff's allegations liberally, plaintiff adequately states he is purposefully being treated differently from similarly situated inmates who do not have a level three mental health status. Accordingly, plaintiff has sufficiently alleged that the difference in treatment between mental health and non-mental health inmates is due to intentional discrimination. Based upon the foregoing, plaintiff has stated a *prima facie* equal protection claim.

Finding that plaintiff alleged a *prima facie* equal protection claim, defendants now have the burden to establish that the alleged disparate treatment was reasonably related to a legitimate penological interests. Veney, 293 F.3d at 732 (internal quotation omitted). Plaintiff, as a prisoner with a mental health level III status, is not a member of a suspect class. See Giarratano, 521 F.3d at 303 (stating that prisoners are not a suspect class); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 446 (1985) (stating that mental illness is not considered a suspect classification for

5

the purposes of scrutiny under the Equal Protection Clause). Accordingly, the appropriate level of scrutiny is "whether the disparate treatment is reasonably related to [any] legitimate penological interests." Veney, 293 F.3d at 732 (internal quotation omitted).

Defendants have not come forth with evidence to satisfy their burden, and such evidence would not be appropriate on a motion to dismiss. See id.; Prison Legal News v. Livingston, 683 F.3d 201, 215 (5th Cir. 2012) (noting that in order for prison administrators to be "entitled to summary judgment, . . . the record must be 'sufficient to demonstrate that the Policy is a reasonable one'") (quoting Beard v. Banks, 548 U.S. 521, 533 (2006)); Jordan v. Mayer, No. B-66331, 2014 WL 3511603, at *3 (S.D. Ill. July 16, 2014) ("[I]n the absence of fundamental rights or a suspect classification, equal protection requires only that a classification which results in unequal treatment bear some rational relationship to a legitimate state purpose.") (internal citations and quotation omitted). Based upon the foregoing, defendants' motion to dismiss is DENIED as to plaintiff's equal protection claim.

To the extent plaintiff alleges that his rights were violated in connection with his attempts at employment with the JPP, inmates do not have a constitutional right to a prison job. See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978) ("[W]ork assignments of prisoners ... are matters of prison administration, within the discretion of prison administrators," and do not implicate the due process clause.); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest."). Thus, the court GRANTS defendants' motion to dismiss as to this claim.

Finally, to the extent plaintiff alleges that his constitutional rights were violated in the handling of his grievances, inmates do not have a constitutional right to have available or to participate in an effective grievance process. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); see also, Oliver v. Myers, No. 5:7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Thus, the court GRANTS defendants' motion to dismiss as to this claim.

## CONCLUSION

Based upon the foregoing, defendants' motion to dismiss (DE 28) is GRANTED in part and DENIED in part. Defendants' motion is DENIED as to plaintiff's equal protection claim, but GRANTED as to plaintiff's remaining claims. An initial order will follow.

SO ORDERED, this the 13th day of May, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge